**Anthony S. Hamassian, Esq., State Bar No.: 290189**
Email:*anthony@hamassianlaw.com*
**HAMASSIAN LAW, APC**
16530 Ventura Blvd., Suite 555
Encino, California 91436
Telephone: (818) 465-5360
Facsimile: (818) 465-5361

Attorney for Plaintiff,
ZOVINAR BOLKORJIAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOVINAR BOLKORJIAN, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, UNITED STATES POSTAL SERVICE; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. **NEGLIGENCE – PREMISES LIABILITY**<br><br>**DEMAND FOR JURY TRIAL** |

**COMES NOW**, Plaintiff, ZOVINAR BOLKORJIAN, (hereinafter referred to as "PLAINTIFF") and complains against the above-named Defendants, UNITED STATES OF AMERICA, UNITED STATES POSTAL SERVICE, and DOES 1 through 50, inclusive, (hereinafter referred to as "DEFENDANTS") and alleges as follows:

/ / /

/ / /

1

**PARTIES**

1. At all relevant times herein, Plaintiff, ZOVINAR BOLKORJIAN, is an individual and is now residing in the County of Los Angeles, State of California, and was at all times mentioned in this complaint, an individual residing in the County of Los Angeles, State of California.

2. At all relevant times herein, Defendant, UNITED STATES POSTAL SERVICE, is an agency of the UNITED STATES OF AMERICA.

3. Plaintiff is ignorant of the true names and capacities, whether corporate, associate, successor, individual or otherwise, of Defendants sued herein as DOES 1 through 50, Inclusive, and therefore sues said Defendants, and each of them, by such fictitious names. Plaintiff will seek leave of court to amend this Complaint to assert the true names and capacities of the fictitiously named Defendants when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each Defendant designated as a "DOE" herein is legally responsible for the events, happenings, acts, occurrences, indebtedness, damages, and liabilities hereinafter alleged and which caused injuries and damages to plaintiff as hereinafter alleged.

4. Plaintiff is informed and believes, and thereon alleges, that at all relevant times herein, each Defendant, including those designated as DOES 1 through 50, Inclusive, were the agents, partners, joint venturers, representatives, servants, employees, managing agents, managing supervisors, and/or co-

conspirators of each of the other Defendants, and was at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts and omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each Defendant designated herein.

5. At all relevant times mentioned herein Defendant DOES 1 through 50, inclusive, were residents of County of Los Angeles and/or business or corporate entities incorporated in and/or doing business in the State of California by virtue of the laws of the State of California.

6. Each Defendant is the agent, servant and/or employee of the other Defendants, and each Defendant was acting within the course and scope his, her or its authority as an agent, servant and/or employee of the other Defendants. Defendants and each of them are individuals, corporations, partnerships and other entities, which engaged in, joined and conspired with the other wrongdoers in carrying out the tortuous and unlawful activities described in this Complaint, and Defendants and each of them, ratified the acts of the other Defendants as described in this complaint.

## JURISDICTION AND VENUE

7. The United States District Court has jurisdiction of the subject matter of this action pursuant to and in compliance with (1) 28 U.S.C. § 1346 (b) which provides that United States District Courts shall have "exclusive jurisdiction of civil

3

actions on claims against the United States, for money damages," (2) pursuant to 28 U.S.C. § 1331 which states that the United States District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States (i.e., 28 U.S.C. §§ 2671-2680 commonly known as the "Federal Tort Claims Act," and (3) pursuant to 39 U.S.C. 409 which vests this United States District Court with original, but not exclusive, jurisdictions over actions where the United States Postal Service is a party.

8. This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as set forth hereafter at length; all of which were a violation of the law, including specific California state statutes, as more particularly set forth below.

9. The claims set forth herein were presented administratively to the United States Postal Service on October 2, 2019 – approximately two months after the incident. (Attached hereto as Exhibit A is a true and correct copy of the claim form.) Accordingly, Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this litigation.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1402 (b) because the place where the Plaintiff resides and the location where the events or omissions giving rise to the claim herein made are situated in this district.

///

## LIABILITY OF THE UNITED STATES POSTAL SERVICE

11.     The liability of Defendant, UNITED STATES OF AMERICA, and the liability of its agent, Defendant, UNITED STATES POSTAL SERVICE, is predicated specifically on Title 28 U.S.C. § 1346(b) because the Federal Tort Claims Acts waives the Government's sovereign immunity and confers subject matter jurisdiction on the federal district courts when federal employees are negligent under circumstances where the United States, if it were a private party, would be liable under the law of the lace where the tortious act or omission occurred.

12.     Again, as is alleged above, Defendant, UNITED STATES POSTAL SERVICE, is an agency of Defendant, UNITED STATES OF AMERICA. Defendant, UNITED STATES OF AMERICA, at all times material hereto, owned, operated, and controlled the agency and service known as the UNITED STATES POSTAL SERVICE, and through said agency hired, operated and supervised facilities, services and employees of the United States Postal Service.

### I.

### FIRST CAUSE OF ACTION

**(By Plaintiff for Negligence – Premises Liability against Defendant and Does 1 through 50, Inclusive)**

13.     Plaintiff incorporates in this cause of action the allegations of Paragraphs 1 through 12 of this Complaint as though set forth herein in full.

5

14. On July 30, 2019, Plaintiff was walking to her car just outside the post office when she tripped and fell over a speed bump located at 28201 Franklin Parkway, Santa Clarita, California 91383. As a result, Plaintiff was forcefully taken to the ground striking her knee and hands. This impact resulted in immediate excruciating pain, discomfort, and significant bruising and bleeding to Plaintiff's left knee.

15. Defendants, as owners and/or operators of the property have a duty to exercise reasonable care to protect invitees and other individuals on their property against physical injuries and have an obligation to take reasonable steps to keep their premises free from defects. Defendants breached their duty by negligently:

    a. Failed to maintain the property in a reasonably safe condition;

    b. Failed to properly maintain to the property and to remove all known dangerous conditions which were present on the property, including but not limited, to the speed bump, and;

    c. Failed to otherwise exercise due care with respect to the matters herein.

16. As a direct and proximate result of the negligence of Defendants as set forth above, Plaintiff slipped and injured herself while on Defendant's property, 28201 Franklin Parkway, Santa Clarita, California 91383.

17. As a further direct and proximate result of the negligence of Defendants as set forth above, Plaintiff sustained serious physical injury and harm

to herself.

18. As a further direct result of the negligence of Defendants as set forth above, Plaintiff sustained serious emotional damages, including but not limited to nervousness, anxiety and increased levels of stress.

19. As a further direct and proximate result of the negligence of Defendants as set forth above, Plaintiff was unable to perform routine daily living activities.

**WHEREFORE**, Plaintiff, ZOVINAR BOLKORJIAN, prays for judgment against Defendant, and each of them, as follows:

1. General damages according to proof;
2. Special damages according to proof;
3. Damages for medical and related expenses according to proof;
4. Loss of earnings according to proof;
5. Interest according to law;
6. Costs of this action; and
7. Any other and further relief that the court deems proper.

DATED: June 9, 2021                    **HAMASSIAN LAW, APC**

By: _____
Anthony S. Hamassian, Esq.
Attorney for Plaintiff,
ZOVINAR BOLKORJIAN

## DEMAND FOR JURY TRIAL

Plaintiff, ZOVINAR BOLKORJIAN, hereby demands a trial by jury.

DATED: June 9, 2021                    **HAMASSIAN LAW, APC**

By: _____
Anthony S. Hamassian, Esq.
Attorney for Plaintiff,
ZOVINAR BOLKORJIAN